IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-222-BO

| | |
|---|---|
| MARGARET R. WORTHINGTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>*Acting Commissioner of Social Security*, )<br>)<br>Defendant. ) | O R D E R |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings [DE 18, 22]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held in Raleigh, North Carolina on November 16, 2018. For the reasons discussed below, plaintiff's motion is DENIED and defendant's motion is GRANTED. The decision of the Commissioner is AFFIRMED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff applied for DIB and a period of disability on January 23, 2008. [Tr. 139, 141]. Plaintiff asserted that she became unable to work on January 1, 2008.[1] [Tr. 74, 828]. Plaintiff's application was denied both initially and upon reconsideration. [Tr. 51–54, 57–64]. At plaintiff's request, a hearing was held before an administrative law judge (ALJ) in May 2010 at which plaintiff and her attorney appeared. [Tr. 12,

---

[1] In her original application, plaintiff alleged that her onset of disability date was April 29, 2004. [Tr. 141].

23–48]. The ALJ issued a decision in July 2010, finding that plaintiff was not disabled. [Tr. 12–18]. In August 2011, the Appeals Council denied plaintiff's request for review. [Tr. 1–7]. Plaintiff appealed the Commissioner's decision in federal district court; in September 2012, the matter was remanded to the Commissioner for further proceedings consistent with the court's order. [Tr. 866–76]. In January 2013, the Appeals Council remanded the case to the ALJ. [Tr. 861–64].

Following another hearing before an ALJ, plaintiff's application was denied in a decision issued in September 2013. [Tr. 921–29]. The Appeals Council remanded the case in September 2014, directing the ALJ to give further consideration to the opinion of a physical therapist. [Tr. 938–39]. The ALJ issued another decision in May 2015. [Tr. 828–37]. The Appeals Council then denied plaintiff's request for review in September 2017. [Tr. 791–96]. In November 2017, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). [DE 1]. Plaintiff and defendant then filed cross-motions for judgment on the pleadings which have been fully briefed and are ripe for disposition. [DE 18, 22].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In this case, the ALJ's inquiry ended at step four when he concluded that plaintiff was able to return to her past relevant work as an art history professor. [Tr. 836]. In other words, the ALJ concluded that plaintiff was not disabled within the meaning of the Social Security Act.

Plaintiff alleges that the ALJ erred by (1) rejecting the medical experts' opinions as to plaintiff's physical limitations, (2) identifying an inaccurate date last insured, and (3) relying on an incorrect job description provided by the Dictionary of Occupational Titles (DOT), such that plaintiff's claim should be remanded for payment. But a careful review of the record and the ALJ's decision shows that the decision was properly supported by substantial evidence and that remand would not be appropriate.

I. Assessments of Medical Opinions

In deciding whether a claimant is disabled, an ALJ must always consider the medical opinions in the case record together with the rest of the relevant evidence received. 20 C.F.R.

3

§§ 404.1527(a)(2)(b), 416.927(a)(2)(b).[2] A medical opinion is a statement "from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Treating source opinions are entitled to controlling weight if they are "well supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). An ALJ's determination "as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' . . . or has failed to give a sufficient reason for the weight afforded a particular opinion." *Dunn v. Colvin*, 607 F. App'x 264, 267 (4th Cir. 2015). Factors that ALJs consider in determining how much weight to afford a medical opinion include (1) the examining relationship, (2) the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion with the record as a whole, (5) the physician's specialization, and (6) other relevant factors. 20 C.F.R. § 404.1527(c).

Substantial evidence supports the ALJ's assessment of the medical opinions. For example, Dr. Lloyd Hey's opinion was offered at plaintiff's request and at least partially conflicted with the objective findings submitted with his opinion. [Tr. 833–34]. Also, Mr. Tyler Whiteside, in addition to not being an "acceptable medical source" as a physical therapist, based his opinion on plaintiff's subjective complaints despite contrary evidence revealed by his functional evaluation of plaintiff.

---

[2] In January 2017, the Social Security Administration published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844; *see also* 82 Fed. Reg. 15132 (March 27, 2017) (amending and correcting the final rules published at 82 Fed. Reg. 5844). Because these final rules did not become effective until after the ALJ's decision, they do not apply in this case, and the citations in this order are to the rules in effect at the time of the ALJ's decision.

[Tr. 834–35]. The ALJ also considered the relatively conservative nature of plaintiff's medical treatment as well as her wide variety of daily activities, which the Fourth Circuit has permitted to support a disability determination. *See, e.g., Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (relying on claimant's daily activities to support a determination that claimant was not disabled). Plaintiff has not demonstrated that the ALJ's assessments of the medical opinions were unsupported by substantial evidence in the record.

II. Date Last Insured

Plaintiff argues that the ALJ did not identify the correct date she was last insured. Two such dates, December 2009 and September 2010, were referenced in the ALJ's decision. [Tr. 830, 832]. September 2010, the correct date, was used in the prior ALJ decisions. [Tr. 14, 923]. But the reference to December 2009 was harmless error on the part of the ALJ, as plaintiff has failed to demonstrate any prejudice stemming from the error. *See Camp v. Massanari*, 22 F. App'x 311 (4th Cir. 2011) (per curiam); *see also Mickles*, 29 F.3d at 921. Plaintiff has not alleged that any evidence from December 2009 to September 2010 was ignored and that, had such ignored evidence been considered, the outcome would have been different. In fact, the ALJ *did* consider evidence through September 2010, including the above-mentioned opinions by Dr. Hey and Mr. Whiteside. There is no reversible error.

III. Incorrect Job Description

In determining whether a claimant can perform his or her past relevant work activity, the ALJ "may use the services of vocational experts or vocational specialists, or other resources, such as the 'Dictionary of Occupational Titles.'" 20 C.F.R. § 404.1560(2). The relevant work activity can be work either as a claimant actually performed it or as it is generally performed in the national economy. *Id.*; *see also* Social Security Ruling 82-61.

5

In making his decision, the ALJ relied on the previous vocational expert testimony and considered plaintiff's residual functional capacity, inability to perform her past work as performed, and the requirements of her position in the national economy. [Tr. 835–36]. Thus, there is substantial evidence in the record to support the ALJ's step four determination. Despite plaintiff's arguments, the Fourth Circuit's decision in *Pearson v. Colvin*, 801 F.3d 204 (4th Cir. 2015), does not require a remand. In *Pearson*, the Fourth Circuit stated that ALJs must resolve *apparent* conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles before relying on the vocational expert's testimony; here, no such conflict is apparent. Rather, the DOT definition considered by the ALJ applied to university-level instruction, which is the level at which plaintiff taught. No apparent conflict exists. It was proper, therefore, for the ALJ to rely on the vocational expert testimony. As such, the ALJ's step four determination must be upheld.

Finally, because the ALJ's decision was supported by substantial evidence in the record and there was no reversible error, remand for the payment of benefits is not appropriate. Federal courts may direct the award of benefits without remanding for further proceedings only "where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1011–12 (4th Cir. 1974). Courts should not make their own credibility determinations or substitute their own judgments for the judgments of the ALJs. *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013). Here, the ALJ's decision is supported by substantial evidence and reversal would not be proper. The final decision of the Commissioner is, therefore, affirmed.

CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 18] is DENIED and defendant's motion for judgment on the pleadings [DE 22] is GRANTED. The decision of the Commissioner is AFFIRMED. The Clerk is directed to close the file.

SO ORDERED, this 2 day of December, 2018.

*[Signature]*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE